UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES VIRDEN, KISER
ANDREWS, AND JOHNSON
SCOTT, III,

        CASE NO.:

    Plaintiffs,

vs.

B&B ICE OF TAMPA BAY,
INC., A FOREIGN
CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARLES VIRDEN, KISER ANDREWS, and JOHNSON SCOTT, III, by and through the undersigned attorney, sue the Defendant, B&B ICE OF TAMPA BAY, INC., a Foreign Corporation, and allege:

1. Plaintiffs were employees of Defendant and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiffs were primarily day paid employees working as drivers for

1

Defendant in the greater Atlanta area.

3. Plaintiff, CHARLES VIRDEN, worked for Defendant from approximately May 2015 to September 2015.

4. Plaintiff, KISER ANDREWS, worked for Defendant from approximately March 2015 to October 2015.

5. Plaintiff, JOHNSON SCOTT, III, worked for Defendant from approximately April 2015 to November 2015.

6. Defendant, B&B ICE OF TAMPA BAY, INC., is a Foreign Corporation which operates and conducts business in, among other locations, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

7. Plaintiffs worked out of Defendant's facility which operated in East Point, Georgia.

8. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every driver who worked for Defendant at any time within the past three (3) years at Defendant's East Point, Georgia location.

9. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

11. During Plaintiffs' employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

12. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiffs and other drivers as exempt employees under the FLSA and failing to pay Plaintiff and its other drivers overtime compensation for overtime hours worked.

15. Based on information and belief, Defendant claims that Plaintiffs and its other drivers are "outside sales" employees exempt from overtime pay under the FLSA.

16. However, Plaintiffs and the other drivers are not exempt under the

outside sales exemption as Plaintiffs and the other drivers' primary duties were not to sell Defendant's product.

17. Plaintiffs and the other drivers' primary job duty was to deliver bags of ice made at the East Point facility to Defendant's customers in the greater Atlanta area.

18. Defendant had a separate sales department which markets to and sells Defendant's services to customers.

19. Plaintiffs and the other drivers were given a route of customers who had already agreed to purchase bags of ice from Defendant.

20. Plaintiffs and the other drivers' job duties were to drive this route and fill up the customer's ice boxes with Defendant's bags of ice.

21. Plaintiffs and the other drivers did not call on new customers.

22. Plaintiffs and the other drivers did not negotiate rates or sell services to customers.

23. As a result, Plaintiffs and the other drivers were misclassified as exempt and should have been paid overtime compensation by Defendants.

24. During their employment, Plaintiffs and the other drivers worked overtime hours on a near weekly basis.

25. Plaintiffs' and the other drivers' compensation was primarily a day rate compensation, with a small commission depending on the number of bags

of ice delivered to customers.

26. Under the FLSA, day rate paid employees are entitled to overtime compensation.  *See* 29 C.F.R. § 778.112.

27. Plaintiffs and the other drivers are entitled to overtime compensation for their overtime hours worked on behalf of Defendant.

28. The additional persons who may become plaintiffs in this action are other drivers who were similarly situated to Plaintiffs and who did not receive overtime for their overtime hours worked within the last (3) years.

29. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs and other drivers are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. Plaintiffs were entitled to be paid overtime compensation for overtime hours worked.

32. During their employment with Defendant, Plaintiffs and other drivers worked overtime hours but were not paid additional overtime compensation for these overtime hours worked.

33. Defendant misclassified Plaintiffs and its other drivers and failed

to pay them proper overtime compensation for overtime hours worked. *See* ¶¶ 14-27.

34. Defendant did not have a good faith basis for its decision to fail to pay Plaintiffs and its other drivers any overtime compensation.

35. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs and its other drivers any overtime compensation, Plaintiffs and those other drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FLSA, Plaintiffs and the other drivers are entitled to liquidated damages.

37. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, CHARLES VIRDEN, KISER ANDREWS, and JOHNSON SCOTT, III, and all other similarly situated employees, demand judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this <u>24th</u> day of July, 2016.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884

>Morgan & Morgan, P.A.
>20 N. Orange Ave., 14th Floor
>P.O. Box 4979
>Orlando, FL 32802-4979
>Telephone:  (407) 420-1414
>Facsimile:  (407) 245-3401
>Email:       RMorgan@forthepeople.com
>***Attorneys for Plaintiff***